```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

Liebel-Flarsheim Co.,            :
                                 :    Case No. 1:01-cv-98-858
     Plaintiff,                  :
                                 :    Judge Sandra S. Beckwith
vs.                              :
                                 :
Medrad Inc.,                     :
                                 :
     Defendant.                  :

ORDER

Before the Court are a number of motions filed by the parties on issues other than infringement and invalidity of the four patents at issue. The motions addressed in this order are:

(1) <u>Medrad's motion for partial summary judgment on willful infringement and enhanced damages (Doc. 449)</u>. The Court finds that this motion is MOOT due to the Court's rulings on invalidity of L-F's patents.

(2) <u>Medrad's motion for partial summary judgment precluding L-F's recovery of lost profits (Doc. 447)</u>. The Court finds that this motion is MOOT due to the Court's rulings on invalidity of the four patents.

(3) <u>L-F's motion to strike (Doc. 452) and its supplemental motion to strike (Doc. 467)</u>. Some of the arguments raised in these motions are addressed in the Court's orders concerning the parties' substantive motions. For ease of reference in the lengthy record in this case, the Court makes the following specific rulings.

-1-

A.    The motion to strike Medrad's arguments concerning the Hirschman '324 patent, and L-F's statements about that patent during the prosecution of the '612 patent, is denied, for the reasons stated in the Court's Order concerning the '612 and '197 patents.

B.    The motion to strike Medrad's arguments concerning construction of the claim terms "motor," "moving" and "tracks the location of said motor" is denied, for reasons stated in the Court's Order concerning the '612 and '197 patents.

C.    The motion to strike Medrad's argument concerning the re-examination of Medrad's '858 patent, and arguments concerning L-F's "admissions" concerning pressure jackets in three L-F patents that are not at issue in this case, is denied.  As for the '858 re-examination, the facts about that re-examination were raised in prior pleadings in this case.  It was L-F that requested the re-examination, and use of those documents cannot come as a surprise.  As for the three newer L-F patents Medrad discusses (the '758, '127 and '307 patents, all issued after this Court's prior orders granting summary judgment in 2001 and 2002), the Court did not rely on these patents or their prosecution history in making its substantive rulings.  However, the Court will not strike Medrad's references to and arguments about these patents, as they are public documents and may be a proper subject of judicial notice under Fed. R. Evid. 201.

D.    The motion to strike Medrad's "new evidence" in support of its prior inventorship of the '612 and '197 patents: L-F

complains that Medrad served amended discovery responses on the last day of the most recent discovery period (October 8, 2004) and then, later, produced additional "new" documents with its experts' reports in December 2004.  Medrad also has filed declarations from five witnesses whom L-F claims were never identified in Medrad's interrogatory responses as witnesses concerning Medrad's Envision CT injector.  (Those individuals are Messrs. Reilly, Masters, Brosovich, Hirschman and Stober).  L-F admits that three of these individuals were identified as trial witnesses, but argues that Medrad failed to describe the nature of their proposed testimony.

Medrad responds that Reilly, the inventor of Medrad's '858 patent, was deposed in 2000.  Mr. Havrilla identified Masters as a "lead mechanical engineer" for the Envision project.  Mr. Braunstein identified Brosovich at his October 2000 deposition.  Hirschman, the inventor on the '324 patent, was identified by Havrilla as the "project leader for the Mark V development."  And, Stober was deposed in this case in November 2000.

The fact that witnesses are mentioned in other depositions does not mean that they are properly identified for purposes of responding to discovery.  However, the Court will not strike their declarations from the record in light of the Court's ruling on the substance of Medrad's "prior inventorship" arguments.

Concerning the "new" documents attached to Medrad's Dec. 2004 expert reports, the Court notes that a similar situation arose before.  L-F filed a motion to strike evidence and

-3-

arguments that Medrad had not identified in its discovery responses (see Doc. 253). The Court denied that motion as moot after ruling that Medrad did not infringe the patents. L-F's current motion to strike challenges Medrad's production of approximately 150 pages of internal documents on December 15, 2004, two months after the discovery cutoff, documents used by Medrad's experts in their supplemental reports and by Medrad's witnesses in their declarations. Medrad defends this late production because experts can reasonably rely on such documents. But that does not excuse a party's late disclosure of internal documents, and Medrad makes no effort to explain why these were disclosed so late. Nevertheless, given the Court's resolution of Medrad's "prior inventorship" argument, the Court will exercise its discretion to permit these materials to remain in the record.

  E. L-F also moves to strike portions of the declarations of Medrad's experts. L-F argues that the declarations of Ronald Solar and John Turner are duplicative of Dr. Sturges' declaration, and thus are inadmissible under Fed. R. Evid. 702. L-F also argues that various portions of the Sturges, Turner and Beck declarations address claim construction issues, and that expert testimony is inappropriate and irrelevant on that question. And L-F notes that some of the experts (primarily Apley and Beck) offer opinions on ultimate facts such as invalidity or infringement, which are not proper subjects for expert testimony.

  The Court notes that the Solar and Turner declarations do

indeed bear a striking resemblance to the Sturges declaration. Despite that fact, each witness has a different professional background and different qualifications.  The Court did not rely on the challenged "legal conclusions" of any of Medrad's experts in ruling on the parties' dispositive motions.  The Court will not strike the declarations in the interest of maintaining a complete record.  L-F is free to challenge any or all of Medrad's experts' testimony in the event of any future proceedings in this case.

  F. Medrad's expert Dr. Sturges constructed models based on disclosures in prior art patents.  Medrad submitted a compact disc to the Court in support of its motion on liability (Doc. 445) that displays these models and contains Dr. Sturges' explanation of their relevance.  L-F objects to these models, because they do not faithfully represent the prior art, and do not address pertinent claim language from the patents they purport to represent.  Given this dispute, the Court has not viewed the CD in reaching its decisions in this case.  The Court will grant Plaintiff's motion to strike the CD from the record, without prejudice to Medrad's use of the models in the event of future proceedings in this case, if they should become relevant and after a proper foundation has been established.

  (4) <u>Medrad's motion for in camera review of counsel opinions, bifurcation and stay of discovery (Doc. 443)</u>. Medrad labeled this motion "conditional" and not ripe for decision unless the Court denied Medrad's motion for summary

judgment on Plaintiff's allegation of willful infringement of Plaintiff's patents.  Medrad's motion also seeks an order bifurcating the trial in this case, and a stay of any discovery of its counsel's opinions.

Because the Court has found Plaintiff's patents invalid, the Court concludes that Medrad's motion on willful infringement is moot. Medrad's motion for an order of bifurcation and a stay of discovery is also moot.

However, the Court concludes that Medrad's motion for in camera review of its counsel opinions is NOT moot, and will deny that portion of Medrad's motion on the merits.

Plaintiff's complaint alleged willful infringement.  Medrad did not raise advice of counsel as an affirmative defense. Medrad's November 1999 written discovery responses objected to questions about its counsel's opinions on the basis of attorney-client privilege.  Medrad also stated that the subject matter was "premature" and "should be deferred" until after its first summary judgment motion was decided.  During the Havrilla deposition, Medrad's counsel again affirmatively stated that it was **not** waiving its attorney client privilege when Havrilla was asked questions concerning non-infringement and prior art. Medrad's supplemental discovery responses, served on October 8, 2004, the last day of the last discovery period in this matter, reiterated Medrad's assertion of the privilege, and gave no hint or suggestion that Medrad was considering waiving its privilege in order to rely on the advice of counsel defense.

Medrad's motion, filed four months after discovery closed, comes too late.  Medrad made a tactical decision to forego reliance on an advice of counsel defense, for its own reasons.  Medrad's late-blooming request to essentially reverse course would not be a simple matter of disclosing letters, as Medrad seems to suggest.  Rather, the late disclosure of these letters could easily result in another round of interrogatories and depositions, and the inevitable motions that arise from disagreements among the parties about the proper scope of discovery, especially in such a sensitive area as attorney-client communications.

Medrad also argues that the Court cannot "sanction" Medrad because Liebel-Flarsheim never filed a motion to compel.  That argument is irrelevant.  The Court is not "sanctioning" Medrad for its failure to comply with a court order or rule, but rather is holding Medrad to its own consciously made decision concerning its defense strategy.  The time for pre-trial discovery and motions concerning an advice of counsel defense has long since passed, and the Court will not reopen the subject.

Furthermore, Rule 26(c) permits a party to seek a protective order against disclosure or discovery of otherwise relevant documents.  Medrad never sought a protective order, nor did it bring to the attention of the Court its intent or desire to rely on an advice of counsel defense. Medrad cites <u>Quantum Corp. v. Tandon Corp.</u>, 940 F.2d 642 (Fed. Cir. 1991) for the "predicament" caused by reliance on an advice of counsel defense.  But that

"predicament" is one that must be faced squarely by an alleged infringer, and not simply avoided until well after the close of discovery.  Medrad cites A.L. Hansen Manuf. Co. v. Bauer Products, Inc., 2004 U.S. Dist. LEXIS 8935 (N.D. Ill. May 17, 2004) for the proposition that delaying discovery of counsel opinions is appropriate in a patent case.  But there, the alleged infringer **timely** brought a motion for bifurcation and a motion to stay discovery of its counsel's opinion, well before the approach of any discovery cut-off.  Medrad's situation is like the one present in Texas Instruments v. Hyundai Electronics, 1999 U.S. Dist. LEXIS 21523 (E.D. Texas, March 5, 1999), where the district court denied an alleged infringer's request to rely on its counsel's opinion, which was not disclosed until the day after fact discovery in the case closed.

Medrad's motion for in camera review of its counsel's opinions is denied.

     5.    All motions for leave to file sur-replies are granted. These include Medrad's motions (Docs. 480, 481 and 484) and Liebel-Flarsheim's motion (Doc. 495).

     SO ORDERED.

DATED: Oct. 28, 2005              s/Sandra S. Beckwith
                                      Sandra S. Beckwith, Chief Judge
                                      United States District Court